# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FC REAL ESTATE 3, LLC, | Case No. 2:18-cv-01018-RFB-NJK |
| Plaintiff, | **ORDER** |
| v. | |
| UNITED STATES DEPARTMENT OF THE TREASURY-INTERNAL REVENUE SERVICE<br>CLYDE PERKINS, as Trustee of the Clyde and Geneva Perkins Trust R-501<br>GENEVA M PERKINS, as Trustee of the Clyde and Geneva Perkins Trust R-501<br>JOHN A HENDRICKS, as Trustee of the John A. Hendricks 1983 Living Trust<br>KATHRYN ANN DAVIS<br>JULIA MARIE HUTCHINGS<br>GARY D STEWART, as Trustee of the Gary D. Stewart and Debra J. Stewart Revocable Living Trust dated the 29th day of October 1997<br>DEBRA J STEWART, as Trustee of the Gary D. Stewart and Debra J. Stewart Revocable Living Trust dated the 29th day of October 1997 | |
| Defendants. | |

**I.     INTRODUCTION**

Before the Court is Plaintiff FC Real Estate 3, LLC's Motion for Default Judgement against Defendants Hendricks Trust and Hutchings. ECF No. 41. The Court denies the motion without prejudice.

/ / /

/ / /

/ / /

## II. PROCEDURAL BACKGROUND

Plaintiff FC Real Estate 3, LLC ("Plaintiff") sued Defendants in the Eighth Judicial District Court in Clark County, Nevada on May 10, 2018. ECF No. 1-1. In its complaint, Plaintiff seeks partition of property owned as tenants in common with Defendants Kathryn Ann Davis, Clyde Perkins, Geneva M. Perkins, Debra J. Stewart, Gary D. Stewart, Jonathan Hendricks ("Hendricks"), and Julia Marie Hutchings ("Hutchings"). Defendant Internal Revenue Service ("IRS") has a tax lien on Hutchings's interest in the property. Id. The IRS removed the case to this Court on June 5, 2018. ECF No. 1. Hutchings was personally served a copy of the complaint on that same date. ECF No. 10. Hendricks had been served a copy of the original complaint via personal service on May 25, 2018. ECF No. 8. Defendants Kathryn Ann Davis, Clyde Perkins, Geneva M. Perkins, Debra J. Stewart, and Gary D. Stewart answered the complaint on July 3, 2018. ECF No. 15. The IRS answered on August 6, 2018. ECF No. 19. On August 20, 2018, Plaintiff filed a notice of intent to take default against Defendants Jonathan A. Hendricks as Trustee of the John A. Hendricks 1983 Living Trust and Julia Marie Hutching. ECF No. 21. On October 22, 2018, Plaintiff moved for entry of default against Hendricks and Hutchings, which the clerk entered on October 23, 2018. ECF Nos. 37, 38. Plaintiff then filed the instant motion for default judgment. ECF No. 41.

## III. ALLEGED FACTS

The complaint alleges the following facts: the subject of the action is certain undeveloped real property (the "property") consisting of approximately 80 acres together with all water rights situated in Moapa Valley in Clark County, Nevada. Plaintiff is the owner of an undivided one-quarter interest, as a tenant in common with the property. The property is concurrently owned by Defendants Clyde and Geneva Perkins, Defendant Hendricks, Defendant Hutchings, and Defendants Gary and Debra Stewart. Hendricks owns an undivided one-half (1/2) interest in the property as a tenant in common. Hutchings owns an undivided one-twenty fourth (1/24) interest as a tenant in common. The IRS recorded two tax liens on Hutchings's interest in the property on August 9, 2012and October 18, 2012 in the amount of $29,003.28 and $95,659.15 respectively.

The answering defendants and Plaintiff have since agreed to partition the property by sale. Plaintiff thus seeks an order to sell the defaulting defendants' interest in the property, to convey any proceeds from Hutchings's share of up to $140,609.84 to the IRS, and to interplead with the Court any surplus amount from the sale of both defaulting party's interests upon closing of escrow.

### IV. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the

amount of damages as true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977).

Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

### V. DISCUSSION

In considering the seven factors, the Court finds that granting default judgment is not warranted at this time because it finds there may be a dispute of material fact as to the ownership interests of the property. In support of its motion for default judgment, Plaintiff attaches a declaration listing the various ownership percentages in the property. The declaration lists Hendricks's ownership interest as one-half, and Hutchings's ownership interest as one-twenty-fourth. To further substantiate its declaration, Plaintiff also submits a "parcel ownership" printout dated August 24, 2018. The printout lists Hutchings's interest as one-eighth rather than one-twenty-fourth. Plaintiff does not explain the discrepancy in its motion. Because property interests are at stake, the Court will deny the motion without prejudice so that Plaintiff can clarify the existing ownership interests in the property.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (ECF No. 41) is DENIED without prejudice. Plaintiff may refile its motion for default judgment with additional information clarifying the ownership interests in the property.

DATED: September 30, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**